BURDICK, Chief Justice,
concurring in part and dissenting in part.
I respectfully dissent from the majority opinion. I agree with the majority that Mr. Arambarri has standing pursuant to the majority opinion A(l) and (2). However I do dissent from section B. of the majority opinion. I believe that the plain language of I.C. § 56-1002(3) means that each administrative region must have its own regional director.
Additionally, the majority opinion’s interpretation of “concurrence” is much too passive. Based upon I.C. § 56-1002(3), “a regional director who shall be appointed by and, serve at the pleasure of the director with the concurrence of the Board.” That language means the appointment and termination of each regional director should have the affirmative assent of the Board at or before the time of the director’s action. It would be surprising to most people that the Board can concur with the decision upon which none had voiced an opinion until needed in a court document that they were not a part of nor made publicly aware of until after the decision had been made and executed. Therefore I would dissent and indicate that without a statutory change and direct affirmative assent of the Board these changes could not be made. I concur in parts C., D., and E.